IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-83-F

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RON EARL MCCULLOUGH and DAVID )<br>CHRISTOPHER MAYHEW, also known as )<br>MAHEW, )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the court on Plaintiff U.S. Commodity Futures Trading Commission's ("CFTC") Motion for Default Judgment [DE-26]. For the reasons stated below, the motion is ALLOWED.

I. **PROCEDURAL HISTORY AND FINDINGS OF FACT[1]**

This action arises out of fraudulent trading activity that Defendants David Christopher Mayhew ("Mayhew") and Ron Earl McCullough ("McCullough") participated in both individually and collectively. Between December 2008 and January 2012, the defendants fraudulently solicited approximately 2.3 million dollars from at least eleven members of the public. McCullough and Mayhew also used Travis Cox to both solicit funds from investors and further their fraud. They represented to Cox that they were millionaires and that they had made their money through foreign exchange, or "forex" trading. McCullough and Mayhew made

---

[1] These facts are taken from the Complaint and the Declarations regarding the Motion for Default Judgment [DE-26] and the documents in support of the Plaintiff's Memorandum in Support of Motion for Default Judgment [DE-27]. *See* Declarations [DE-28, -29, -30]; Exhibits [DE-34, -35, -36].

Travis Cox a "partner" whereby they simultaneously defrauded him and used his trust in them to further their fraud against other victims.

The defendants' basic scheme worked in the following manner: the "trader" (McCullough, Mayhew, or Travis Cox) would approach a potential investor to solicit trade money; they would entice potential investors by falsely promising high returns, falsely guaranteeing the security of the investors' principle, and misrepresenting the risks of trading. Once the defendants had the money, they would either use the funds for personal use or use the funds to repay other investors, thereby creating the appearance of a successful trade and furthering the fraud. By doing this, the defendants were able to get at least two customers to reinvest with them. Over the course of the fraud, the defendants received approximately $2.03 million dollars from customers. The defendants lost $394,000 trading in Forex, misappropriated $808,000 to repay investors, created the false appearance of profits, and misappropriated $829,000 for personal use.

CFTC filed an Affidavit of Service of Summons and Complaint [DE-5] on February 24, 2014. Mayhew was personally served in this matter. Pl.'s Mem. Supp. Mot. Default J. [DE-27] at 1. McCullough is currently a fugitive, avoiding pending criminal charges in the same matter. *Id.* at 2. CFTC sought permission of the court for service by publication. *See* Plaintiff's Motion for an Order Authorizing Service by Publication and Extending Time for Service [DE-13]. The court granted CFTC's motion for service by publication as to McCullough on September 2, 2014. *See* Order of September 2, 2014 [DE-18]. On the same date, this court granted CFTC's motion for default against Mayhew. *See id.* After McCullough was served by publication, the Clerk of Court entered default judgment against him. *See* Clerk's Entry of Default [DE-25]. Because both

2

defendants have not responded throughout the course of this litigation, CFTC now seeks entry of default judgment.

## II.    DISCUSSION

### A. Entry of default judgment

Entry of default judgment is authorized by Rule 55 when a defendant "has failed to plead or otherwise defend" a suit in accordance with the Rules. *See* Fed. R. Civ. P. 55(a). When a defendant is in default, all of the well-pleaded factual allegations of the complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Having accepted the well-pleaded allegations of fact in the Complaint as true, the court must still determine whether those allegations support the relief sought. *Id.*

#### i. Defendant Mayhew

The case of default against defendant Mayhew is straightforward. Rule 55 allows entry of default when a defendant fails to plead or otherwise defend a lawsuit. Mayhew was personally served on February 24, 2014, but has made no attempt to respond to this action. *See* Aff. [DE-5]. Default has been entered against him. *See* Entry of Default [DE-19]. He continues to show no interest in defending the suit, even though he has had some sixteen months to respond, during which time he was tried and found guilty of multiple accounts relating to the fraud underling this case. *See* Jury Verdict [DE-145], *United States v. Mayhew*, No. 5:13-CR-199-F-2. A court can enter default judgment after a defendant has received adequate notice of the action and still fails to make an effort to defend the suit. *See Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) (citing *Windsor v. McVeigh*, 93 U.S. 274, 278 (1876)). This court is satisfied that personal service, and over sixteen months' time to respond, is adequate opportunity for Mayhew to defend this suit.

3

this suit. The court concludes that the procedural requirements for entry of default judgment have been met as to Mayhew.

### ii. Defendant McCullough

In the case of persons who are missing, employment of likely futile means of service, such as service by publication, are often all the plaintiff can achieve. *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950). In those circumstances, service by publication does not create a "constitutional bar to a final decree foreclosing [the missing defendant's] rights." *Id.*

Defendant McCullough is currently a fugitive. CFTC attempted to serve process on McCullough at his last known Raleigh address, and at two addresses in Georgia where there was reason to believe McCullough might be residing. *See* Summons in a Civil Action [DE-4]; Declaration of Plaintiff's Investigator in Support of Motion for an Order Authorizing Service by Publication and Extending Time for Service [DE-14-1] ¶¶ 2-5, 7. None of these attempts were successful. CFTC further attempted to serve McCullough through four email addresses associated with him. *See* Decl. Pl.'s Investigator [DE-14-1] ¶ 8. CFTC received no response. The court then granted CFTC permission to serve McCullough by publication, which CFTC carried out. *See* Order of September 2, 2014 [DE-18]. CFTC again received no response. *See* Affidavit of Plaintiff's Counsel in Support of Motion Requesting Entry of Default of Defendant Ron Earl McCullough [DE-22]. Default has been entered against McCullough. Clerk's Entry of Default [DE-25]. The court concludes that the procedural requirements for entry of default judgment have been met as to McCullough

### B. Remedies

Simply because the defendants are in default does not automatically mean the plaintiffs are entitled to their requested relief. Rather, having accepted the well-pleaded allegations of fact in

4

the Complaint as true, the court must still determine whether those allegations support the relief sought. *Ryan*, 253 F.3d at 780. All of CFTC's requested relief is authorized under the statute that the defendants have violated. *See* 7 U.S.C. § 13a-1. All of the sums requested are supported by detailed affidavits and exhibits. For those reasons and the reasons outlined below, the court finds that CFTC is entitled to its requested relief.

### i. Injunctive Relief

CFTC seeks injunctive relief against the defendants. Injunctive relief is authorized by statute. *See* 7 U.S.C. § 13a-1(a) and (b). Section 13a-1 states that any person who violates the act may be subject to an order enjoining their actions and ordering compliance with the Act. *Id.* § 13a-1(a). After a violation of the act is established, CFTC need only show a likelihood of future violations. *CFTC v. British Am. Commodity Options Corp.*, 560 F.2d 135, 141 (2d Cir. 1977). A violation has been established, and CFTC argues that, given the repetitive and ongoing nature of the defendants' fraud, there is a reasonable likelihood that the two will continue to engage in fraudulent activities. This court agrees. CFTC's request for an injunction is ALLOWED. Defendants David Mayhew and Ron McCullough are hereby restrained, enjoined and prohibited from either directly or indirectly:

    a.    cheating or defrauding or attempting to cheat or defraud, or willfully or recklessly deceiving or attempting to deceive other persons in or in connection with off-exchange agreements, contracts, or transactions in foreign currency that are leveraged or margined, made or to be made, for or on behalf of, or with, other persons, in violation of 7 U.S.C. §§ 6b(a)(2)(A) and (C), and 17 C.F.R. §§ 5.2(b)(1) and (3);

    b.    willfully providing false information to others, thereby causing them to issue false account statements, in or in connection with off-exchange agreements, contracts, or transactions in foreign currency that are leveraged or margined, made or to be made, for or on behalf of, or with, other persons, in violation of 7 U.S.C. § 6b(a)(2)(B) and 17 C.F.R. § 5.2(b)(2);

5

c. aiding, abetting, counseling, inducing, procuring or working in combination or concert with each other to violate the Act or Regulations, in violation of 7 U.S.C. § 13c(a);

d. trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a(40) (2012));

e. entering into any transactions involving commodity interests (as that term is defined in 17 C.F.R. § 1.3(yy) (2014)) for their own personal accounts or for any account in which they have a direct or indirect interest;

f. having any commodity interests traded on their behalf;

g. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

h. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

i. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9) (2014); and

j. acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38) (2012)) registered, required to be registered or exempted from registration with the Commission, except as provided for 17 C.F.R. § 4.14(a)(9) (2014).

### ii. Monetary Relief

CFTC seeks monetary relief against the defendants. A judgement by default may be entered without a hearing on damages when the amount is capable of being ascertained from definite figures contained in detailed affidavits. *J & J Sports Prods., Inc. v. Waters*, No. 3:11-CV-552-MU, 2013 WL 3353904, at *1 (W.D.N.C. Jul. 3, 2013). Furthermore, as previously stated, all the well-pleaded factual allegations in the Complaint are deemed admitted, and the defendants are deemed liable. *Ryan*, 253 F.3d at 780. CFTC requests that the court enter default judgment in the amount of $1,223,388.43 for restitution to Mayhew and McCullough's defrauded customers and a civil monetary penalty of $2,486,620.00.

Restitution is authorized here by Title 7, United States Code section 13a-1. The district court has the authority to order equitable relief in the form of restitution when a defendant is found to be in violation of the Commodity Exchange Act. *See CFTC v. Co Petro Mktg. Grp., Inc.*, 680 F.2d 573, 583 (9th Cir. 1982). CFTC argues that "the objectives of the [Commodity Exchange] Act are best served by ordering full restitution to Defendants' customers." Pl.'s Mem. Supp. Mot. Default J. [DE-27] at 16. The court agrees.

To determine the appropriate amount of restitution, courts calculate the amount given to the defendant by investors and subtract any amount returned to investors. *CFTC v. Noble Wealth Data Info. Servs., Inc.*, 90 F. Supp. 2d 676, 693 (D. Md. 2000) *overruled on other grounds by CFTC v. Baragosh*, 278 F.3d 319 (4th Cir. 2002). This restitution request is supported by a number of detailed investigator affidavits and exhibits. *See* Declaration of Defendants' Customer James Perry Fergus, Jr. [DE-32]; Exhibits [DE-34]; Exhibits [DE-35]; and Exhibits [DE-36]. These exhibits outline the amounts of money given to the defendants by each of the defrauded investors. The requested amount of restitution is the total amount of funds received from defrauded customers—$2,031,388.43—less the amount returned to customers—$808,000—which results in a total of $1,223,388.43 in allowable restitution. CFTC's request for restitution is ALLOWED.

Section 13a-1 also authorizes the court to order a civil monetary penalty ("CMP"). The relevant portion of the statute states that in any action brought under the section, a person found to be in violation of the section may be ordered to pay a civil penalty of $100,000 or three times the monetary gain of each violation, whichever is greater. 7 U.S.C. § 13a-1(d)(1). Here, three times the monetary gain of the fraud, the gain being $828,873.29, is greater than the minimum

7

$100,000. Thus, entry of a CMP in the amount of $2,486,619.87 is appropriate. In accordance with the rules outlined in the statute, CFTC's request for CMP is ALLOWED.

## III. CONCLUSION

It is hereby ORDERED, ADJUDGED, AND DECREED that

1. the requested injunctive relief is granted. The Defendants, David Mayhew and Ron McCullough, are hereby restrained, enjoined and prohibited from the actions described in this Order at section II(b)(i), paragraphs a-j;

2. that the Defendants shall pay, jointly and severally, restitution in the amount of $1,223,388.43 ("Restitution Obligation"), plus post-judgment interest. Post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order, pursuant to 28 U.S.C. § 1961;

3. that the Defendants are also accused in a criminal action charging them, in part, for the misconduct that is at issue in this matter. *See United States v. McCullough*, Crim No. 5:13-CR-199-F (E.D.N.C.) ("Criminal Action"). For amounts disbursed to the Defendants' customers as a result of satisfaction of any restitution ordered in the Criminal Action, the defendants shall receive a dollar-for-dollar credit against the Restitution Obligation. Within ten (10) days of disbursement in the Criminal Action to the Defendants' customers, the defendants shall, under a cover letter that identifies the name and docket number of this proceeding, transmit to the Chief Financial Officer, CFTC, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, IL 60606, copies of the form of payment to those customers;

4. that to effect payment of the Restitution Obligation and the distribution of any restitution payments to the defendants' customers, the court appoints the National Futures Association ("NFA") as Monitor. The Monitor shall collect restitution payments from the Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud;

5. that the Defendants shall make Restitution Obligation payments under this Order to the Monitor in the name "McCullough-Mayhew – Settlement/Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, with a cover letter that identifies the paying Defendant(s) and the name and docket number of this proceeding. The Defendants shall simultaneously

transmit copies of the cover letter and the form of payment to the Chief Financial Officer, CFTC, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581;

6. that the Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to the Defendants' customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such restitution payments as CMP payments, which the Monitor shall forward to the Commission following the instructions for CMP payments set forth in Paragraphs 12 through 13 below;

7. that the Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify the defendants' customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. The Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation;

8. that the Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to the defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, CFTC, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581;

9. that the amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from the Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law;

10. that pursuant to Rule 71, each customer of the Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the Restitution Obligation that has not been paid by the Defendants, to ensure continued compliance with any provision of this Order and to hold the Defendants in contempt for any violations of any provision of this Order;

11. that to the extent that any funds accrue to the U.S. Treasury for satisfaction of the Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above;

12. that the Defendants shall pay, jointly and severally, a CMP in the amount of $2,486,619.87 ("CMP Obligation"), plus post-judgment interest. Post-judgment interest

9

shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order, pursuant to 28 U.S.C. § 1961 (2012);

13. that the Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables
> DOT/FAA/MMAC/AMZ-341
> CFTC/CPSC/SEC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, the Defendants shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. The Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies the defendants and the name and docket number of this proceeding. The Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, CFTC, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581;

14. that Acceptance by the Commission or the Monitor of any partial payment of the defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance;

15. that all notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

> Richard Glaser, Deputy Director
> U.S. Commodity Futures
> Trading Commission
> Division of Enforcement

1155 21st Street, N.W.
Washington, DC 20581

Notice to the NFA:

Daniel Driscoll, Executive Vice President, COO
National Futures Association
300 S. Riverside Plaza, Suite 1800
Chicago, IL 60606-3447

All such notices to the Commission or the NFA shall reference the name and docket number of this proceeding;

16.     that until such time as the defendants satisfy in full their Restitution Obligation and CMP Obligation as set forth in this Order, the defendants shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten (10) calendar days of the change;

17.     that if any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding;

18.     that this court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by the defendants to modify or for relief from the terms of this Order; and

19.     that the injunctive and equitable relief provisions of this Order shall be binding upon the defendants, upon any person under the authority or control of either defendant, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with either Defendant.

The plaintiffs' Motion for Default Judgment [DE-26] is ALLOWED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This, the 14 day of August, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge